U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 5 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE M. ROSALEZ, ET AL., | § | |
| Plaintiffs, | § | |
| VS. | § | NO. 4:18-CV-980-A |
| CITIMORTGAGE, INC., | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, CitiMortgage, Inc., for judgment on the pleadings. The court, having considered the motion, the response[1] of plaintiffs, Joe Rosalez and Maria Rosalez, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Allegations

This action is before the court by reason of notice of removal filed December 11, 2018. Doc.[2] 1. By order signed January 14, 2019, the court ordered that plaintiffs file an amended

---

[1] Plaintiffs erroneously title their response a "reply."

[2] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-980-A.

complaint and defendant file an answer or other response to it. Doc. 9. Plaintiffs filed their amended complaint on January 31, 2019, and made in it the following allegations:

Plaintiffs executed a note and deed of trust covering their property for the benefit of Everett Financial, Inc. d/b/a Supreme Lending ("Supreme"). Doc. 12 at 3-4 ¶ 8. The assistant secretary of Mortgage Electronic Registration Systems, Inc. ("MERS"), claiming to act as Supreme's nominee, purportedly made an assignment of deed of trust to defendant. Id. at 4 ¶ 11. Someone then filed with the Tarrant County Clerk a notice of trustee's sale threatening a sale of the property. Id. at 4 ¶ 13. The notice appeared to be signed by David Stockman ("Stockman"), who was not named as a substitute trustee of record. Id. Defendant's actions in connection with the threatened sale violated various provisions of the Texas Debt Collection Act and Texas Property Code and breached the deed of trust.

II.

Grounds of the Motion

Defendant moved for judgment on the pleadings, based on its argument that plaintiffs failed to state a claim upon which relief can be granted.

III.

Analysis

A.  Pleading Standard

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

3

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. No Plausible Claim for Relief Was Alleged

Plaintiffs recited the elements of various statutes and causes of action without alleging any facts that support their claims. Their claims largely rely on their argument that defendant failed to comply with Section 51.002 of the Texas Property Code, but they failed to allege any facts in support of that argument.

Plaintiffs did make, as far as the court can tell, three contentions in support of their claims. But, these contentions are bare legal conclusions lacking any factual support. First, plaintiffs argued that defendant did not clearly have the capacity to act as mortgagee. Doc. 12 at 5 ¶ 15. But, they did not allege any facts in support of this argument, namely, the

4

respects in which the purported assignment to defendant was insufficient to give it that capacity. Second, plaintiffs contended that the substitute trustee who threatened the sale was not duly appointed to so act by a person with evident authority to do so. Id. at 5 ¶ 15. Again, plaintiffs did not allege any facts supporting this claim, including the substitute trustee's identity or the respects in which his appointment, if there was any, was defective.[3] Third, plaintiffs argued that defendant demanded payment of sums in excess of those permitted under the note and deed of trust. Doc. 12 at 7 ¶ 25. But, they never alleged what sums were demanded or permitted, leaving the court without any basis for concluding that the former exceeded the latter. These contentions, without factual allegations, are pure speculation.

For these reasons, plaintiffs failed to allege facts from which the court can infer that any of the causes of action they

---

[3]Plaintiffs did allege that the notice of sale appeared to be signed by Stockman and that he was not named as a substitute trustee of record. Doc. 12 at 4 ¶ 13. Public records indicate that defendant's attorney named and appointed Stockman as substitute trustee. Doc. 13 at Exhibit D. In the court's March 5, 2019 telephone conference with the parties, plaintiffs' attorney admitted that he had not seen that document. And, plaintiffs did not dispute in their response, filed after the conference, the document's existence or authenticity. In light of these considerations, it does not appear that plaintiffs intend to argue that the purported appointment never occurred. Rather, the court infers that, at most, plaintiffs are arguing that the appointment was ineffective or improperly recorded. But, these arguments are legal conclusions for which plaintiffs did not allege any facts in support.

recited give them a plausible right to relief. As a result, the court finds that their claims should be dismissed.

* * * * * * *

At the end of their response, plaintiffs "ask leave to replead any claim that the Court believes is not set out with sufficient particularity," doc. 18 at 9 ¶ 8, but the court does not consider that plaintiffs made a motion to amend. Local Civil Rule LR 15.1(a) requires that a document containing more than one pleading, motion, or other paper "clearly identify each pleading, motion, or other paper in its title." That rule also provides that, when a party makes such a motion, the party "attach a copy of the proposed amended pleading as an exhibit to the motion" and "submit with the motion an original and a judge's copy of the proposed pleading." Plaintiffs did none of those things. In any event, there is nothing in the record that suggests that the court should allow them to file yet another amended complaint.

IV.

Order

The court ORDERS that defendant's motion be, and is hereby, granted, and plaintiffs' claims against defendant be, and are hereby, dismissed.

SIGNED March 15, 2019.

_____
JOHN MCBRYDE
United States District Judge